UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JEROME REED,<br><br>    Plaintiff<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 15-cv-7512-GJS<br><br>**ORDER AFFIRMING DECISION OF ADMINISTRATIVE LAW JUDGE** |

## INTRODUCTION

In this Social Security Disability Insurance ("DIB") and Supplemental Security Income ("SSI") benefits case, the administrative law judge ("ALJ") formulated Reed's Residual Functional Capacity ("RFC") based on the opinion of an examining physician, the testimony of a vocational expert identifying a gap in the physician's opinion, and Plaintiff Reed's own testimony to fill that gap. Based on Reed's RFC, the ALJ determined that Reed could perform his past relevant work and was, therefore, not disabled. Dissatisfied with the ALJ's determination, Reed contends that the ALJ committed reversible error by relying on, and speculating as to the meaning of, Reed's testimony instead of further developing the record by contacting the consulting physician. The Court disagrees. The record before the

Court—and before the ALJ below—is unambiguous and contains sufficient evidence to support the ALJ's RFC determination. The Court thus affirms the Commissioner's decision denying benefits in this case.

## PROCEDURAL HISTORY

Reed applied for DIB on February 11, 2010, and for SSI on February 17, 2010, alleging disability as of December 31, 2004. [Administrative Record ("AR") 422-24.] The applications were first denied on June 8, 2010, after which Plaintiff timely requested a hearing. [AR 256, 263, 275.] ALJ Joel Martinez conducted hearings on January 19, 2011, June 8, 2011, and August 8, 2011. [AR 55, 103, 164.] In a decision dated August 23, 2011, the ALJ found Reed not disabled. [AR 237-48.] Reed sought review from the Appeals Council on September 8, 2011; the Appeals Council remanded the case for further proceedings on January 8, 2013. [AR 382, 250.]

ALJ Richard Urbin held a new hearing on December 16, 2013. [AR 196.] On March 21, 2014, the ALJ issued an unfavorable decision, and Reed again appealed to the Appeals Council. [AR 25-27.] The Council denied his request for review on July 27, 2015. [AR 1-6.] Plaintiff appealed to this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The parties consented to the jurisdiction of the undersigned Magistrate Judge. [Dkt. 11 & 12.] The parties completed briefing and the case is ready for decision.

## FACTUAL BACKGROUND

The ALJ's March 21, 2015 decision applied the five-step sequential evaluation process and found that Reed was not disabled. [AR 28-44]; *see* 20 C.F.R. § 404.1520(b)-(g)(1).[1] The ALJ determined that Reed had the following

---

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows: (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not

2

severe impairments: history of fracture of the left tibia; history of soft tissue injury of the right ankle; degenerative disc disease of the cervical spine; and degenerative disease of his left knee. [AR 34.] The ALJ found that none of Reed's impairments met or equaled any of the impairments listed in Appendix 1 of the regulations. [AR 38]; *see also* 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then concluded that Reed retained the RFC to:

> [L]ift and/or carry 20 pounds occasionally and 10 pounds frequently. He can sit, stand and walk one hour at a time for a total of six hours each out of eight hours. After sitting for one hour, he must stand for about five to ten minutes. The claimant requires the use of a cane, and it is medically necessary. Without a cane, the claimant can walk 50 feet, and he can use his free hand to carry small objects. The claimant can continuously reach, and he can frequently finger, handle, push and pull. He can use his feet continuously. He can occasionally climb ramps and ladders, kneel, crouch, stoop and crawl. He can frequently balance.

[AR 38-39.] The ALJ based the RFC assessment on the evaluation of Dr. H. Harlan Bleecker, a consultative orthopedist, as well as Reed's testimony. [AR 39.] The ALJ thus concluded that Reed retained the ability to perform "a reduced range of light work." [AR 39]; *see also* 20 C.F.R. § 404.1567(b).

    The ALJ determined that Reed could perform his past relevant work as a Collections Manager, Credit and Collection, as it is generally performed throughout

---

disabled. If not, proceed to step two; (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four; (4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five; (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

the national economy. [AR 43-44.] In reaching this conclusion, the ALJ relied on the vocational expert's testimony that the ALJ's hypothetical claimant could perform Reed's past relevant work if he could stand and remain by his work station while taking breaks from being seated.

## GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. Whether an ALJ satisfies his duty to develop the record is an issue of legal error. *See Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 929 (9th Cir. 2014).

## DISCUSSION

It is unquestionable that Reed cannot "be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require." 42 U.S.C. § 423(d)(5); *see* 20 C.F.R. §§ 404.1512(a)&(c). Put another way, he bore the "duty to prove that []he was disabled." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). Although the burden is on the claimant to show he is disabled, the Commissioner shares the burden of developing the record evidence. "In Social Security cases, the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)).

Nonetheless, the ALJ is not a roving investigator; his duty "to develop the record further is triggered only when there is ambiguous evidence or when the

record is inadequate to allow for proper evaluation of the evidence." *Mayes,* 276 F.3d at 459-60; *see Webb*, 433 F.3d at 683 (explaining that the duty to enlarge the record only arises if the evidence is ambiguous, the ALJ finds that the record is inadequate, or the ALJ relies on an expert's conclusion that the evidence is ambiguous). The ALJ must consider the record as a whole to determine if it is insufficient or ambiguous. 20 C.F.R. § 404.1520(a)(3); *see also Hale v. Astrue*, No. CV 12-1906-JPR, 2013 WL 80256, at *5 (C.D. Cal. Jan. 7, 2013) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).

Here, the question is whether the record before the ALJ was inadequate or insufficient, such that the ALJ should have asked the examining physician on whose report he primarily relied to further clarify his opinion. As detailed below, to the extent that there was any ambiguity or insufficiency in the doctor's opinion, the ALJ *did* further develop the record. He questioned Plaintiff himself about his limitations and requirements, and relied on Plaintiff's own statements—which were not themselves ambiguous or insufficient—to fill in any gaps.

**A. Dr. Bleecker's Opinion And Plaintiff's Subsequent Testimony**

On February 9, 2011, Dr. H. Harlan Bleecker, a consultative orthopedist, conducted an orthopedic evaluation of Reed. [AR 828-40.] At the end of his evaluation, Dr. Bleecker concluded that Reed could:

> Occasionally lift 20 pounds, frequently 10 pounds; similarly with carrying. He can sit, stand and walk one hour at a time for six hours. He requires the use of a cane. It is medically necessary. Without the use of a cane, he can walk 50 feet. He can use his free hand to carry small objects. He can continuously reach. He can frequently finger, handle, push and pull. He is right-handed. [He] can use his feet continuously. He can occasionally climb ramps and ladders, kneel, crouch, stoop and crawl. He can ambulate without a wheelchair. He can walk a block at a reasonable pace. He can use public transportation, climb a few stairs, prepare a meal and take care of himself.

5

[AR 831.] The ALJ relied upon this assessment of Reed's abilities when measuring Reed's RFC. [AR 38-39, 42-43.] Reed's prior work as a collection specialist required him to sit for periods of time, which, as Dr. Bleecker noted, Reed was capable of doing in one-hour blocks. [AR 831.] As Reed correctly points out, however, Dr. Bleecker did not opine as to whether Reed must stand or walk after sitting, or how long Reed's breaks from sitting should be. The ALJ, too, correctly recognized the existence of this gap and that he needed further information. [AR 209, 229.] Consequently, the ALJ questioned Reed about his needs at the hearing:

> Q: When you sit down, if you sit down for 30 minutes—I think you said the maximum period of time you could sit was 30 minutes?
>
> A: Yes, sir.
>
> Q: And then how long can you stand? Do you have to stand or walk before you can be seated again?
>
> A: About five, 10 minutes after I stand up, I walk. I have problems. I'm having—I'm in pain.
>
> Q: Well then, do you sit down again?
>
> A: I have to sit down.
>
> Q: Okay.
>
> A: That's why I have that.
>
> *Q: So—okay. So for every period of sitting, then you're standing or walking five to 10 minutes?*
>
> *A: Yes, sir.*

[AR 229-30.] (emphasis added).

**B. The ALJ Properly Assessed Plaintiff's RFC, Which Is Based On Substantial Evidence**

The ALJ accepted Reed's testimony in the March 21, 2014 decision [AR 42], and properly used it to fill in the gap he perceived existed in the opinion of Dr. Bleecker. Together, the doctor's opinion and Reed's testimony provide evidence that is both unambiguous and sufficient.

The ALJ was permitted to give great weigh to Dr. Bleecker's assessment of Reed's capabilities. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) ("The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician."). In addition, the ALJ was permitted to consider, and ultimately accept as true, Reed's testimony regarding his subjective symptoms when assessing Reed's RFC. *See* 20 C.F.R. § 404.1512(b)(1)(iii), Social Security Regulation 96-8P. Reed's testimony on this topic—one which falls within his ability to explain—filled in any gaps in Dr. Bleecker's opinion.

An ALJ may be required to develop the record further, but only when the administrative record contains ambiguous evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Reed argues that his own testimony was ambiguous and/or insufficient. However, "ambiguous," when used in the context of social security disability determination, is a term of art; it is the ALJ's role to interpret the evidence and resolve conflicts and ambiguities in the evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If the record contains evidence "susceptible to more than one rational interpretation, we must uphold the [Commissioner's] findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Here, Reed answered that he could stand *or* walk for five to ten minutes after periods of sitting. [AR 230.] There is no ambiguity there.

Even if there was ambiguity, which the Court does not perceive to be the case, Reed testified that walking was "torture" and that he "just can't do it anymore"

because of the pain he experiences. [AR 228.] The ALJ was entitled to rely on this testimony to limit Plaintiff to breaks in which he stood, but did not walk (or did not walk away from his workstation), because one reasonable interpretation of the evidence is that it was easier for Reed to stand than to walk. The ALJ's interpretation was certainly rational and based on reasonable inferences from Plaintiff's own testimony.

In sum, the ALJ's reliance on Reed's testimony to supplement Dr. Bleecker's opinion was not error, and the record as a whole was neither ambiguous nor inadequate. Thus, Reed has not shown that the ALJ committed reversible error

## CONCLUSION

For the reasons stated above, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error. Neither reversal of the ALJ's decision nor remand is warranted. Accordingly, **IT IS ORDERED** that:

(1) the decision of the Commissioner is AFFIRMED and this action is DISMISSED WITH PREJUDICE; and

(2) Judgment be entered in favor of the Commissioner.

**IT IS HEREBY ORDERED.**

DATED: June 28, 2016

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE